| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

Jose Malagon, §
§
       Plaintiff, §
§
versus §       Civil Action H-15-1754
§
Bayview Loan Servicing, LLC, et al., §
§
       Defendants. §

## Opinion on Dismissal

1. On May 31, 2007, Jose Malagon borrowed $182,875 to buy a house. He pledged the house as collateral for the loan. He has not paid his mortgage in more than two years. After Bayview Loan Servicing, LLC, and M &T Bank posted the property for foreclosure, Malagon sued for negligence, violations of the Real Estate Settlement Procedures Act, and violations of the Texas Property Code. The bank moved to dismiss. Malagon has not responded.

2. Malagon says that Bayview negligently denied his request for a loan modification and misrepresented facts to him. Contrary to his claims, Bayview granted Malagon a trial modification. Malagon did not pay what was required for the modification to become permanent. His claim that Bayview would not negotiate with him is simply false.

3. His claims for negligent misrepresentation are also defective. Malagon did not detrimentally change his position in reliance on what Bayview told him. He owed the money unconditionally. Bayview was not obliged to modify the terms of his deal.

4. Assuming Bayview told him that it would only modify a loan that was in default, that was not a misrepresentation. Bayview did not instruct Malagon to stop paying. It did not tell him that it would modify his loan if it were in default. Axiomatically, if you can make the scheduled payment each month, you do not need a modification, though you may prefer to pay less.

5. Assuming he detrimentally relied, Malagon does not particularly plead the misrepresentation – who, when, where, what. Assuming he did, it would not matter. Malagon's claims for negligence are barred by the economic loss rule – he cannot turn a contractual claim into a tort.

6. Malagon says that Bayview violated the Real Estate Settlement Procedures Act by not giving him particular reasons for denying his requests for modifications, by not giving him information about loss mitigation, and by foreclosing before explaining its denials. He has not pleaded that he suffered actual damage from these violations. He has not stated a claim.

7. Finally, Malagon says that Bayview did not give him notice of his default under the Texas Property Code. Malagon has no fact to support his claim. Assuming he did, it would not matter. No private right of action for damages exists for defective notice. At best, he may have a claim for wrongful foreclosure which is premature.

8. Because he has not stated a claim upon which relief can be granted, Jose Malagon's claims against Bayview Loan Servicing, LLC, and M & T Bank will be dismissed with prejudice.

Signed on August 4, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge